1   Geoffrey S. Kercsmar (#020528)
    THE KERCSMAR LAW FIRM P.C.
2   3260 N. Hayden Road, Suite 204
    Scottsdale, Arizona 85251
3   Telephone: (480) 421-1001

4   Douglas W. Gilmore (#020464)
    NOBLITT & GILMORE, LLC
5   4800 North Scottsdale Road, Suite 6000
    Scottsdale, Arizona 85251-7630
6   Telephone: (480) 994-9869

7   Attorneys for Plaintiff International Flora Technologies, Ltd.

8

               UNITED STATES DISTRICT COURT
9

                  DISTRICT OF ARIZONA
10

  International Flora Technologies, Ltd., an
11   Arizona corporation,

12               Plaintiff,

13   v.                           No. _____

14   Clarins S.A., a foreign corporation;
    Laboratoires Clarins, a foreign         **COMPLAINT**
15   corporation; Clarins U.S.A., a New
    York corporation; Clarins Group North
16   America, a New York corporation;       **(JURY TRIAL DEMANDED)**
    Clarins Canada, a foreign corporation,
17

18               Defendants.

19

20        For its Complaint, Plaintiff International Flora Technologies, Ltd. ("International

  Flora"), alleges:
21

                      **THE PARTIES**
22

       1.     Plaintiff International Flora Technologies, Ltd. ("International Flora") is a
23

  corporation organized and existing under the laws of the State of Arizona, with its
24

  principal place of business at 291 East El Prado Court, Chandler, Arizona, U.S.A.
25

26

2.    Defendant Clarins S.A. (collectively with the other defendants, "Defendant") is a foreign corporation with its principal place of business at 4, rue Berteaux-Dumas, Neuilly-sur-Seine 92200 France.   Clarins S.A. may be served with this Complaint by service upon its Registered Agent and Board Chairman, Jacques Courtin-Clarins, at its Registered Address: 4, rue Berteaux-Dumas, Neuilly-sur-Seine 92200 France.

3.    Defendant Laboratoires Clarins (collectively with the other defendants, "Defendant") is a foreign corporation with its principal place of business at 4, rue Berteaux-Dumas, Neuilly-sur-Seine 92200 France.   Laboratoires Clarins may be served with this Complaint by service upon its Registered Agent and Chairman, Christian Courtin-Clarins, at its Registered Address:   4, rue Berteaux-Dumas, Neuilly-sur-Seine 92200 France.

4.    Defendant Clarins U.S.A. (collectively with the other defendants, "Defendant") is a New York corporation with its principal place of business at 110 East 59th Street, New York, New York, U.S.A.   Clarins U.S.A. may be served with this Complaint by service upon its Registered Agent and Board Chairman, Marc S. Rosenblum, at its Registered Address:   15 Olympic Drive, Orangeburg, New York, U.S.A.   10962-2514.

5.    Defendant Clarins Group North America (collectively with the other defendants, "Defendant") is a New York corporation with its principal place of business at 110 East 59th Street, New York, New York, U.S.A.   Clarins Group North America may be served with this Complaint by service upon its Registered Agent and Board Chairman, Marc S. Rosenblum, at its Registered Address:   15 Olympic Drive, Orangeburg, New York, U.S.A.   10962-2514.

6.    Defendant Clarins Canada (collectively with the other defendants, "Defendant") is a foreign corporation with its principal place of business at 4575 Boulevard Poirier, Saint-Laurent, Quebec H4R 2A4, Canada.   Clarins Canada may be

2

served with this Complaint by service upon its Registered Agent and President, Jonathan Zrihen, at its Registered Address:  4575 Boulevard Poirier, Saint-Laurent, Quebec H4R 2A4, Canada.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action, at least in part, is for patent infringement and arises under the patent laws of the United States, Title 35, Section 271 *et seq.* of the United States Code.  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) plaintiff and all of the defendants are citizens of different states, and complete diversity of citizenship therefore exists between the parties; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This Court has jurisdiction over any Arizona state law claims asserted by the parties under principles of pendent, ancillary, and supplemental jurisdiction, 28 U.S.C. §§ 1338(b) and 1367(a).

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (d), and 1400(b) since, *inter alia*, one or more of the acts of infringement complained of took place in this District and have had or will have had effect in this judicial district.

## INTERNATIONAL FLORA AND THE INFRINGED PATENTS

9.     International Flora has been a leader in providing formulation specifications, ingredients and product development for cosmetic products for several years.  International Flora has dedicated substantial resources to remain on the cutting edge of an ever-changing and challenging market.

10.     To protect its investment in its technology, International Flora has procured several patents, some of which relate to pioneering technological developments.  Many of International Flora's technological developments have been widely recognized, appreciated and embraced by the cosmetics industry.

1         11.     On March 4, 2003, United States Patent No. 6,528,075 B1 ("the '075

2 Patent") was duly and legally issued to James H. Brown *et al.*  International Flora is the

3 assignee of all rights in and title to the '075 Patent.  A true and correct copy of the '075

4 Patent is attached as **Exhibit A**, and incorporated herein by this reference.

5         12.     The '075 Patent applies, at least in part, to compositions of matter

6 comprising long-chain moringa oil with less than 10% methylene interrupted unsaturation

7 in combination with tocopherol ("Moringa Compositions").

8         13.     On December 23, 2003, United States Patent No. 6,667,047 B2 ("the '047

9 Patent") was duly and legally issued to James H. Brown *et al.*  International Flora is the

10 assignee of all rights in and title to the '047 Patent.  A true and correct copy of the '047

11 Patent is attached as **Exhibit B**, and incorporated herein by this reference.

12         14.     The '047 Patent applies, at least in part, to cosmetic product formulations

13 comprising long-chain moringa oil with less than 10% methylene interrupted unsaturation

14 in combination with tocopherol ("Moringa Cosmetics").

15                               **DEFENDANT'S INFRINGEMENT**

16         15.     Defendant engages in the manufacture and sale of cosmetic products for a

17 variety of commercial applications.  Defendant's presence in this industry is long-standing

18 and pervasive.

19         16.     As a member of the cosmetics industry, Defendant appreciates the value and

20 scope of the '075 Patent and the '047 Patent, as well as other patents owned by or

21 otherwise assigned to International Flora.

22         17.     Notwithstanding Defendant's appreciation of the value and scope of the '075

23 Patent, upon information and belief, Defendant has sold, made, imported, and/or used

24 infringing Moringa Compositions (referred to herein as "Infringing Products").

25         18.     Upon information and belief, Defendant has manufactured and sold, and

26 continues to manufacture and sell, the Infringing Products at least under the Defendants'

product designation: TEINT ÉCLAT CONFORT AUTOFOCUS (in English, "CLARINS TRUE COMFORT FOUNDATION," or, collectively with Moringa Compositions and Moringa Cosmetics, "Infringing Products").

19.    Defendant's Infringing Products have at least one compositional feature corresponding to a long-chain oil of moringa with methylene interrupted unsaturation of less than 10%.

20.    Defendant's Infringing Products have at least one compositional feature corresponding to at least one tocopherol present in an amount from 0.01 to 5% by weight of the long-chain moringa oil.

21.    Defendant's Infringing Products have at least one compositional feature corresponding to tocopherol providing an improved oxidative stability of more than 200% relative to the oxidative stability of moringa oil alone.

22.    Notwithstanding Defendant's appreciation of the value and scope of the '047 Patent, upon information and belief, Defendant has sold, made, imported, and/or used infringing Moringa Cosmetics (referred to herein as "Infringing Products").

23.    Defendant's Infringing Products include at least one cosmetic composition selected from the group consisting of:  creams, lotions, sunscreens, perfume sticks, massage oils, eye shadows, blushes, powders, lipsticks, lip balms, foundations, eye liners, mascaras, leave in conditioners, relaxers, and hair dyes.

24.    Defendant's CLARINS TRUE COMFORT FOUNDATION includes at least a foundation cosmetic composition, and a sunscreen cosmetic composition.

25.    Defendant's Infringing Products have at least one compositional feature corresponding to a long-chain oil of moringa with methylene interrupted unsaturation of less than 1%.

1   26.    Defendant's Infringing Products have at least one compositional feature
2   corresponding to a long-chain oil of moringa with a slip value greater than that of castor
3   oil (*i.e.*, 7.0 as measured by a modified Cadicamo method).

4   27.    Defendant's Infringing Products have at least one compositional feature
5   corresponding to the features of the immediately two (2) preceding paragraphs and at least
6   one supplemental additive corresponding to sorbic acid, which is substantially equivalent
7   in compositional function to at least one of kojic acid, malic acid and ascorbic acid, so as
8   to produce a substantially similar result to the claimed technology of the '047 Patent.

9   28.    Defendant's Infringing Products have at least one compositional feature
10  corresponding to at least one tocopherol present in an amount from 0.01 to 5% by weight
11  of long-chain moringa oil.

12  29.    Defendant's Infringing Products have at least one compositional feature
13  corresponding to tocopherol providing an improved oxidative stability of more than 200%
14  relative to the oxidative stability of moringa oil alone.

15  **DEFENDANT'S DISTRIBUTION OF ITS INFRINGING PRODUCTS**

16  30.    Defendant sells the Infringing Products in a wide range of locations.
17  Defendant seeks generally to sell the Infringing Products to retailers, distributors, dealers,
18  and/or the general public, including the general public in the State of Arizona and this
19  District.  Defendant has sold Infringing Products in the State of Arizona and this District.

20  31.    Defendant has sold the Infringing Products to, or has otherwise made the
21  Infringing Products available for subsequent purchase by, Macy's (Cincinnati, Ohio,
22  U.S.A.).

23  32.    On or about March 14, 2006, David Ashley purchased two (2) containers of
24  CLARINS TRUE COMFORT FOUNDATION from a Macy's store, located at Biltmore
25  Fashion Park, 2410 E. Camelback Road, Phoenix, Arizona, 85016, for thirty six (36) U.S.
26  dollars each plus tax.  A true and correct copy of the product packaging boxes of these

1   two (2) containers of CLARINS TRUE COMFORT FOUNDATION, detailing the

2   Macy's return label affixed to the product packaging boxes, are shown in **Exhibit C1**. A

3   true and correct copy of a notarized purchase verification, detailing the purchase date,

4   purchaser, items purchased, store and address, cost, UPC code, method of purchase and

5   signature of purchaser, is shown in **Exhibit C2**. A true and correct copy of the sales

6   receipt for this purchase, as appended to the purchase verification, is shown in **Exhibit**

7   **C3**.

8        33.   Defendant has sold the Infringing Products to, or has otherwise made the

9   Infringing Products available for subsequent purchase by, Nordstrom (Seattle,

10  Washington, U.S.A.).

11       34.   On or about May 1, 2006, David Ashley purchased one container of

12  CLARINS TRUE COMFORT FOUNDATION from a Nordstrom store, located at

13  Chandler Fashion Center, 3199 West Chandler Blvd., Chandler, Arizona 85226, for thirty

14  six (36) U.S. dollars plus tax. A true and correct copy of the product packaging box of

15  this of CLARINS TRUE COMFORT FOUNDATION, detailing the Nordstrom return

16  label affixed to the product packaging box, is shown in **Exhibit D1**. A true and correct

17  copy of a notarized purchase verification, detailing the purchase date, purchaser, items

18  purchased, store and address, cost, UPC code, method of purchase and signature of

19  purchaser is shown in **Exhibit D2**. A true and correct copy of the sales receipt for this

20  purchase, as appended to the purchase verification, is shown in **Exhibit D3**.

21       35.   Defendant has sold the Infringing Products to, or has otherwise made the

22  Infringing Products available for subsequent purchase by, Dillard's (Little Rock,

23  Arkansas, U.S.A.).

24       36.   On or about May 1, 2006, David Ashley purchased one container of

25  CLARINS TRUE COMFORT FOUNDATION from a Dillard's store, located at Chandler

26  Fashion Center, 3101 West Chandler Blvd., Chandler, Arizona, 85226, for thirty six (36)

7

1    U.S. dollars plus tax.  A true and correct copy of the product packaging box of this

2    container of CLARINS TRUE COMFORT FOUNDATION, detailing the Dillard's return

3    label affixed to the product packaging box, are shown in **Exhibit E1**.  A true and correct

4    copy of a notarized purchase verification, detailing the purchase date, purchaser, items

5    purchased, store and address, cost, UPC code, method of purchase and signature of

6    purchaser, is shown in **Exhibit E2**.  A true and correct copy of the sales receipt for this

7    purchase, as appended to the purchase verification, is shown in **Exhibit E3**.

8            37.    Defendant has sold the Infringing Products to, or has otherwise made the

9    Infringing Products available for subsequent purchase by, Sephora (San Francisco,

10   California, U.S.A.).

11           38.    On or about May 1, 2006, David Ashley purchased one container of

12   CLARINS TRUE COMFORT FOUNDATION from a Sephora store, located at Chandler

13   Fashion Center, 3111 West Chandler Blvd., Chandler, Arizona, 85226, for thirty six (36)

14   U.S. dollars plus tax.  A true and correct copy of the product packaging box of this

15   container of CLARINS TRUE COMFORT FOUNDATION is shown in **Exhibit F1**.  A

16   true and correct copy of a notarized purchase verification, detailing the purchase date,

17   purchaser, items purchased, store and address, cost, UPC code, method of purchase and

18   signature of purchaser is shown in **Exhibit F2**.  A true and correct copy of the sales

19   receipt for this purchase, as appended to the purchase verification, is shown in **Exhibit

20   F3**.

21           39.    Defendant has sold the Infringing Products to, or has otherwise made the

22   Infringing Products available for subsequent purchase by, Robinsons-May (St. Louis,

23   Missouri, U.S.A.).

24           40.    On or about May 1, 2006, David Ashley purchased one container of

25   CLARINS TRUE COMFORT FOUNDATION from a Robinsons-May store, located at

26   Chandler Fashion Center, 3107 West Chandler Blvd., Chandler Arizona, 85226, for thirty

six (36) U.S. dollars plus tax.  A true and correct copy of the product packaging box of this container of CLARINS TRUE COMFORT FOUNDATION is shown in **Exhibit G1**. A true and correct copy of a notarized purchase verification, detailing the purchase date, purchaser, items purchased, store and address, cost, UPC code, method of purchase and signature of purchaser is shown in **Exhibit G2**.  A true and correct copy of the sales receipt for this purchase, as appended to the purchase verification, is shown in **Exhibit G3**.

41.   Upon information and belief, Defendant has sold the Infringing Products to, or has otherwise made the Infringing Products available for subsequent purchase by, a number of other retail outlets, including but not limited to, Federated Department Stores (Cincinnati, Ohio, U.S.A.);   Macys.com (San Francisco, California, U.S.A.); Bloomingdale's (Cincinnati, Ohio, U.S.A.);  Neiman Marcus Group, Inc. (Dallas, Texas, U.S.A.);  Saks Incorporated (Birmingham, Alabama, U.S.A.);  Barney's New York (New York, New York, U.S.A.);   Gloss.com (San Francisco, California, U.S.A.);   and Strawberry Cosmetics / StrawberryNet.com (Hong Kong Special Administrative Region of the People's Republic of China).

42.   Defendant has been aware of its infringing activity no later than on or about December 13, 2005, after attorney Paul Carango of DLA Piper Rudnick Gray Cary US LLP received correspondence from International Flora's attorney, Douglas Gilmore of Noblitt & Gilmore LLC, describing Defendant's infringement of the '075 Patent and the '047 Patent.

43.   Despite notice of its infringing activity, Defendant has continued and continues the infringing activities to date.

44.   The activities of the Defendant with regard to its sales, importation, manufacture and/or use of the Infringing Products are and have been without authorization from International Flora.